BESSIE FENNER, PLAINTIFF IN ERROR, v. ATLANTIC AMUSEMENT COMPANY, DEFENDANT IN ERROR.

Argued June 26, 1912—Decided June 18, 1913.

Where suit was brought to recover for an injury received in riding on an amusement device, and the only negligence charged in plaintiff's declaration against the defendant was faulty construction and want of repair of the machine, which upon trial there was no evidence tending to show, a direction of a verdict for the defendant will not be disturbed on review by writ of error.

On error to the Supreme Court, Camden Circuit.

For the plaintiff in error, *William Early, William J. Kraft* and *Howard Carrow.*

For the defendant in error, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings up for review a judgment upon a verdict for the defendant below directed by the trial judge at the Camden Circuit.

The plaintiff was injured while riding upon an amusement device known as "Human Niagara Falls," maintained and operated by the defendant company upon the "Steeplechase Pier" in Atlantic City. The "Steeplechase Pier" is an amusement resort upon which is maintained and operated a number of mechanical contrivances for the use and amusement of its patrons. There were displayed all about signs reading "All amusements at your own risk." Several of these devices were maintained for the purpose of allowing patrons to take rides or slides of a more or less thrilling nature, and the "Human Niagara Falls" was a structure of this character. Patrons of the pier were charged a fee of twenty-five cents upon entering, and this entitled them, if they chose to put themselves in a position of obvious danger, to the use of all the devices plainly designed to produce unusual excitement and sensations. The plaintiff paid the entrance fee on the day of the accident, and thus became entitled to all the rights and privileges of patrons of the pier.

The "Human Niagara Falls" consisted of an incline upon which was fastened a series of rollers, about eighteen in number. The rollers were about seven feet wide by eighteen inches in diameter. Persons using the device seated themselves upon the topmost roller of the incline and were then propelled by the force of gravity, over the rollers, to the bottom. The weight of the person passing over them caused the rollers to revolve.

There was a space of from three-sixteenths to one-quarter of an inch left between the rollers for clearance so that they would revolve without touching.

At the trial the plaintiff's version of the accident was that, having chosen to ride on the "Human Niagara Falls," when she reached about the fourth or fifth roller on the way down, her heel caught between the rollers and she was twisted around, thrown forward head foremost, and bumped over every roller to the bottom, and was thus injured.

We are of opinion that the direction of a verdict for the defendant was justified.

The negligence complained of in the plaintiff's declaration was faulty construction and, possibly, want of repair of the amusement device used by the plaintiff. In the first count it was charged that the defendant "did so carelessly and negligently construct the same as to leave a small space in, upon or about the said rollers, or some one or more of them, capable of catching the heel of a shoe of any of the persons becoming passengers upon said amusement device." In the second count the charge was that the defendant "did carelessly and negligently leave, permit and allow to be left, a small space in, upon or about said rollers, or some one or more of them, capable of catching the heel of a shoe of any of the persons becoming passengers upon said amusement device."

Now, there was no proof tending to show faulty construction or want of repair in the respect charged, nor, indeed, in any other respect. On the contrary, the proof conclusively showed perfect construction and repair. It is argued that the rollers were so far apart as to show faulty construction. Not so. The rollers were designed to revolve, and that required some clearance space, which the uncontradicted evidence showed did not exceed a quarter of an inch.

It is also argued that the plaintiff's testimony that her heel caught between the rollers showed faulty construction. We think not. That did not tend to show a fault in construction. Of course, the construction of the device left between each pair of rollers what may be loosely described as an inverted triangular opening which would be eighteen inches across the top or base and one-quarter of an inch at the apex where the two rollers came nearest to each other. The proofs show in-

contestably that it was this opening which the plaintiff said caught her heel.

It is also argued that, though the plaintiff failed to prove faulty construction or want of repair charged, yet we should reverse the trial judge because the evidence pointed to other grounds of negligence not charged in the declaration. But we have confined our examination to the question whether there was any evidence of the negligence charged, and we have found that there was none. Beyond this we cannot go. The case was tried upon the theory of faulty construction only, and no motion was made at the trial to so amend or amplify the pleadings as to frame any other issue.

Since no other course was open to the trial judge, his direction of a verdict for the defendant must be sustained.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, VOORHEES, MINTURN, VREDENBURGH, CONGDON, WHITE, JJ.   10.

*For reversal*—PARKER, KALISCH, BOGERT, JJ.   3.